**LOWENSTEIN SANDLER LLP**
Matthew R. Friedenberg (Bar No. 043262011)
Michael T. Long (Bar No. 029622004)
John S. Stolz (Bar No. 034721997)
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendant*
*RTC Properties Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOWN OF KEARNY,<br><br>Plaintiff,<br><br>v.<br><br>FLYNYON LLC, FLYNYON DIGITAL LLC, HELO HOLDINGS INC., NYONAIR and RTC PROPERTIES INC.<br><br>Defendants. | Civil Action No: 2:26-cv-_________<br><br>Removed from:<br><br>Superior Court of New Jersey, Hudson County, Chancery Division<br>Docket No.: HUD-C-000152-26 |

**NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

1. Defendants hereby remove to the United States District Court, District of New Jersey, the action pending as Case No. HUD-C-000152-26 in the Superior Court of New Jersey, Chancery Division, Hudson County ("State Court Action").

## D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

2. According to the State Court Action, Plaintiff, the Town of Kearny ("Plaintiff"), is a municipal corporation of the State of New Jersey with its principal office located at 402 Kearny Avenue, Kearny, New Jersey.

3. Defendant RTC Properties Inc. ("RTC") is a New York corporation authorized to do business in New Jersey with an address at 140 Central Avenue, Suite 100, Kearny, New Jersey 07032. RTC owns property at 100 Central Avenue, Kearny, New Jersey, also known as 165 Western Road, Block 288, Lot 10.01 (the "Property").

4. Defendant Helo Holdings Inc. ("Helo") is a foreign corporation authorized to do business in New Jersey with an address at 165 Western Road, Kearny, New Jersey 07032.

5. Defendant FlyNYON LLC ("FlyNYON") is a foreign limited liability company authorized to do business in New Jersey with an office at 78 John Miller Way, Kearny, New Jersey 07032.

6. Defendant NY on Air Limited Liability Company (*improperly pled as NYONair*) ("NYON") is a domestic limited liability company with an office at 165 Western Road, Kearny, New Jersey 07032.

7. Defendant FlyNYON Digital LLC ("FlyNYON Digital" and together with FlyNYON and NYON the "NYON Defendants") is a domestic limited liability company with an office at 78 John Miller Way, Kearny, New Jersey 07032.

8. Defendant RTC is represented by John S. Stolz, Michael T. Long, and Matthew R. Friedenberg of Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068.

9. Defendant Helo is represented by Loly G. Tor of Reed Smith LLP, 506 Carnegie Center, Suite 300, Princeton, New Jersey 08540.

10. The NYON Defendants are represented by Thomas R. Calcagni and Martin B. Gandelman of Calcagni & Kanefsky LLP, One Newark Center, 1085 Raymond Boulevard, 18th Floor, Newark, New Jersey 07102.

11. Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 et seq., RTC and the NYON Defendants (collectively, "Defendants")[1] by their undersigned counsel and with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction, and venue, file this Notice of Removal seeking removal of this action from the Superior Court of the State of New Jersey, Chancery Division, Hudson County, in which the action is now pending, to the United States District Court for the District of New Jersey and respectfully show:

## BACKGROUND

12. On September 28, 2026, Plaintiff filed the State Court Action. A true and correct copy of Plaintiff's Complaint ("Complaint") is contained in the attached **Exhibit A**.

13. This Notice of Removal is based on the allegations of the Complaint and exhibits incorporated by reference thereto. Defendants do not admit the truth of the facts asserted in the Complaint, the validity of Plaintiff's claims, or their entitlement to any form of relief. Rather, Defendant expressly denies that Plaintiff is entitled to any relief.

[1] Pursuant to 28 U.S.C. § 1446(b)(2)(A), Helo consents to the Notice of Removal.

## LEGAL STANDARD

14. "[T]he grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014)). The same liberal rules that apply to other matters of federal pleading apply to removal allegations. *See Dart Cherokee*, 574 U.S. at 87. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (referencing *Dart Cherokee*, 574 U.S. at 87).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND THIS CASE IS REMOVABLE ON THAT BASIS.

15. Removal is proper pursuant to 28 U.S.C. § 1331 and because this Court has subject matter jurisdiction over federal questions. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Removal of this case is appropriate pursuant to *Grable & Sons Metal Products. v. Darue Engineering Manufacturing*, 545 U.S. 308 (2005) and its progeny. Such cases involve "actually disputed and substantial" federal issues embedded in state-law claims, based on "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at

312–14; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

17. There is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." *Grable*, 545 U.S. at 314 (citations omitted). However, removal is appropriate where a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

18. Accordingly, "a civil action filed in state court may be removed to federal court if the claim is one 'arising under' federal law." *Crump v. Bank of Am.*, No. 16-362, 2016 WL 4926425, at *3 (D.N.J. Sept. 14, 2016). A suit "arises under the Constitution and laws of the United States" when the "plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted).

19. Here, on the face of the Complaint and its incorporated exhibits, Plaintiff seeks multiple determinations whether the alleged operation of helicopter tours from the Property complies with federal regulations, guidance, and other federally imposed aviation standards. Notwithstanding Plaintiff's attempt to frame the Complaint as a matter of state law, the Complaint cites federal regulations and laws throughout, including in its associated exhibits, and appeals to federal law undergird Plaintiff's request for injunctive relief. By way of example, Plaintiff's central supporting evidence is a purported FAA expert's report (*see* Complaint at Exhibit 13), the vast majority of which is devoted to analyzing whether the alleged operation of helicopter tours at

the Property violates federal regulations and authorizations. Plaintiff then uses this alleged expert report, and its conclusion that federal regulations are being violated, to seek injunctive relief in the name of public aviation safety, indisputably a significant federal interest. In other instances, Plaintiff cites alleged NTSB and FAA counsel findings and recommendations as its basis for injunctive relief.

20. In other words, Plaintiff seeks a judicial interpretation and application of federal law as a prerequisite, or at minimum core element of, the relief sought in the Complaint. These federal issues are actually disputed, substantial, and implicate the federal government's strong interest in the uniform regulation of aviation, including aviation safety. As such, this case arises under federal law as set forth in *Grable*.

21. As here, Federal courts permit the removal of aviation matters notwithstanding a plaintiff's effort to avoid federal court by asserting only state law claims. *See, e.g.*, *City of Tipp City v. City of Dayton*, 204 F.R.D. 388 (S.D. Ohio 2001); *Town of Stratford v. City of Bridgeport*, 2010 WL 11566477 (D. Conn. Jun. 18, 2010)

22. Plaintiff's Complaint is removable under 28 U.S.C. § 1331; the right to relief depends upon the resolution of substantial, disputed questions of federal law; and, resolution of Plaintiff's claims would not disrupt the federal-state balance because federal jurisdiction may not be defeated by artful pleading.

23. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because all claims are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court is equipped to adjudicate any state law issues that arise in the Complaint, including ancillary zoning maters.

**28 U.S.C. § 1446 REQUIREMENTS**

24. **Removal is timely**. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or "other paper" from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). The Complaint was filed on September 28, 2026. This Notice of Removal is thus timely filed.

25. **Removal to proper court**. This Court is part of the "district and division within which" this action was filed—Hudson County, New Jersey. 28 U.S.C. § 1446(a).

26. **Pleadings and process**. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants in the State Court Action are attached to this Notice of Removal as **Exhibit A**. No proceedings have occurred in the State Court Action as of the date of this Notice of Removal. Defendants have not filed a response to the Complaint. Defendants hereby reserve all rights to assert all defenses to the Complaint. Defendants further reserve the right to amend or supplement this Notice of Removal.

27. **Notice to state court**. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Chancery Division, Hudson County, and is being served on counsel of record, consistent with 28 U.S.C. § 1446(a) and (d).

**WHEREFORE**, all Defendants remove this action to this Court for further proceedings according to law.

Dated: September 30, 2026

By: */s/ Matthew Friedenberg*

Matthew R. Friedenberg
Michael T. Long
John S. Stolz
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
jstolz@lowenstein.com

mlong@lowenstein.com
mfriedenberg@lowenstein.com

*Attorneys for Defendant RTC Properties Inc.*

*/s/ Martin Gandelman*
**Calcagni & Kanefsky LLP**
One Newark Center
1085 Raymond Boulevard
18th Floor
Newark, New Jersey 07102
mgandelman@ck-litigation.com
862.208.1822

*Attorney for NYON Defendants*

**CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2**

Pursuant to D.N.J. Local Rule 11.2, the matter in controversy between the parties was the subject of the state court action removed by this Notice: Case No. HUD-C-000152-26 in the Superior Court of New Jersey, Chancery Division, Hudson County.

Dated: September 30, 2026

By: */s/ Matthew Friedenberg*

Matthew R. Friedenberg
Michael T. Long
John S. Stolz
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
jstolz@lowenstein.com
mlong@lowenstein.com
mfriedenberg@lowenstein.com

*Attorneys for Defendant RTC Properties Inc.*

*/s/ Martin Gandelman*

**Calcagni & Kanefsky LLP**
One Newark Center
1085 Raymond Boulevard
18th Floor
Newark, New Jersey 07102
mgandelman@ck-litigation.com
862.208.1822

*Attorney for NYON Defendants*