UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWN OF KEARNY,<br>*Plaintiff*,<br><br>v.<br><br>FLYNYON LLC, FLYNYON DIGITAL LLC, HELO HOLDINGS INC., NYONAIR and RTC PROPERTIES INC.,<br>*Defendants.* | Civil Action No. 2:26-cv-12857 (JKS) (JSA) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR REMAND**
**Motion Returnable November 17, 2026**

Gregory J. Castano Jr.
Schuyler Abbott
CASTANO QUIGLEY CHERAMI LLC
7 Giralda Farms – Suite 170
Madison, N.J. 07940
(973) 808-1234
Attorneys for the plaintiff

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

LEGAL ARUMENT ........ 1

I. BECAUSE THE COMPLAINT RAISES ONLY LOCAL ZONING ISSUES IT MUST BE REMANDED ........ 1

II. FEES SHOULD BE AWARDED ........ 3

CONCLUSION ........ 3

# **TABLE OF AUTHORITIES**

*Cases*

*Christianson v. Colt Indus. Operating Corp.*
486 U.S. 800 (1988)........................................................................ 1

*Congregation Kol Ami v. Abington Twp.*
309 F.3d 120, 135 (3d Cir. 2002)...................................................... 2

*Empire HealthChoice Assurance, Inc. v. McVeigh*
547 U.S. 677 (2006)........................................................................ 3

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*
545 U.S. 308 (2005)........................................................................ 3

*Gunn v. Minton*
568 U.S. 251 (2013)........................................................................ 3

# ARGUMENT

## Point I

## BECAUSE THE COMPLAINT RAISES ONLY LOCAL ZONING ISSUES IT MUST BE REMANDED.

The Town's complaint turns on two questions of local land-use compliance:

1. Whether defendants are operating the site for passenger flights—"people just looking for a helicopter ride"—contrary to the sworn representations their representative made to the Kearny Zoning Board of Adjustment and in violation of the Board's conditions of approval; and

2. Whether defendants are operating outside the hours authorized by the Board: 8:00 a.m. to 7:00 p.m. from March/April through September/October, and 8:00 a.m. to 5:00 p.m. during the winter months.

Neither question requires construction or application of federal law. Defendants' entire removal theory rests on a single descriptive sentence in the Town's expert report that notes the federal definition of "commercial air tour." That sentence does not satisfy *Grable*.

### *A. No Federal Issue Is Necessarily Raised.*

Under the well-pleaded complaint rule, a claim arises under federal law only if federal law is essential to every theory of relief. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988). Here, the Town can (and does) prove both alleged violations solely from local sources: the Board testimony and

conditions, a decade of defendants' own marketing, customer reviews and photographs, flight-tracking data, and a July 2026 spot-check of 479 flights. (verified complaint, Ex. 3 at 8–9) None of that evidence depends on the federal definition of a commercial air tour. Because the claims are fully supported by theories that have nothing to do with federal law, the single sentence defendants highlight is irrelevant.

*B. No Substantial Federal Issue Exists.*

Defendants' speculation that a ruling here could affect "how operators nationwide are classified" is unsupported. Opp. at 15. The Court will decide only whether *these* defendants are conducting passenger flights from *this* site and whether they are operating outside the hours the Board approved. No nationwide classification is required or implicated.

*C. Federal Jurisdiction Would Disrupt the Federal-State Balance.*

Land-use regulation is a core local function. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 135 (3d Cir. 2002). Defendants cite no authority for the proposition that a plaintiff's choice of background evidence in an expert report converts a pure zoning case into a federal-question case. Accepting that theory would routinely federalize ordinary zoning disputes. The balance therefore requires remand.

Point II

**FEES SHOULD BE AWARDED.**

The governing standard is settled. *Grable*, *Empire HealthChoice*, and *Gunn* supply the test; the absence of a prior case with identical facts does not render the law unsettled. (Opp. at 2, 20) The complaint and its exhibits allege only local zoning violations. The expert's opinion is grounded in the same local evidence. (verified complaint ¶ 45; Ex. 3 at 3, 8–9, 12) Removal on the basis of one descriptive sentence was not objectively reasonable.

**CONCLUSION**

For these reasons, therefore, and those set forth in the original moving papers, this Court should grant the Town's motion, remand this matter to the Superior Court of New Jersey, and award costs and attorney's fees.

Respectfully,

*/s/ Schuyler Abbott*

Schuyler Abbott